UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON SUTTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:17-cv-2874 |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | (JURY) |
| | § | |
| Defendant. | § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY
OF TEXAS' NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this Notice of Removal of Cause Number DC-17-10253, styled *Sharon Sutton v. Metropolitan Lloyds Insurance Company of Texas,* currently pending in the 134th District Court, Dallas County, Texas. Metropolitan removes the case to the U.S. District Court for the Northern District of Texas, Dallas Division. As grounds for removal, Metropolitan states as follows:

**I.
OVERVIEW**

1.1     This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan to Plaintiff Sharon Sutton, for alleged damage to the Plaintiff's property located at 509 Lindenwood Dr., Lancaster, Texas 75134, allegedly caused by wind and hail, which occurred on August 20, 2015 (*See* Plaintiff's First Amended Petition). Plaintiff commenced this action, styled *Sharon Sutton v. MetLife Auto and Home and Metropolitan Lloyds, Inc.* by filing Plaintiff's Original Petition on August 18, 2017 under Cause Number DC-17-10253 in the 134th Judicial District Court, Dallas County, Texas. Thereafter,

Plaintiff filed Plaintiff's First Amended Petition on October 11, 2017 naming Metropolitan Lloyds Insurance Company of Texas as Defendant, and on the same day also filed Plaintiff's Notice of Nonsuit Without Prejudice as to Defendants MetLife Auto and Home and Metropolitan Lloyds, Inc.  According to the Plaintiff's First Amended Petition in that suit, the Plaintiff seeks to recover damages from the Defendant over $100,000.00, but not more than $200,000.00.  Metropolitan was served the Plaintiff's First Amended Petition in that suit on October 11, 2017.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process, pleadings, and the orders served upon Metropolitan in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1   The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a).  The Plaintiff is now, and was at the time the lawsuit was filed, a resident of the State of Texas.  (*See* Plaintiff's First Amended Petition).  Defendant Metropolitan is now, and was at the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Florida, Illinois, Rhode Island, and Wisconsin, and are not residents or citizens of Texas.  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming

the treatment of unincorporated associations for jurisdictional purposes).[1]  Accordingly, Metropolitan is a citizen of the States of Florida, Illinois, Rhode Island, and Wisconsin, and complete diversity exists.

## III.
## REMOVAL PROPER

3.1  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2  Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3  Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 134th District Court, Dallas County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1  In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 134th District Court, Dallas County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number DC-17-10253, styled, *Sharon Sutton v.*

---

[1] "Fifth Circuit jurisprudence is equally clear." *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

*Metropolitan Lloyds Insurance Company,* from the 134th District Court, Dallas County, Texas to this Court on the 19th day of October, 2017, for trial and determination.

    Respectfully submitted,

    STACY | CONDER | ALLEN LLP

    */s/ Dennis D. Conder*
    By:    Dennis D. Conder
           State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

    On October 19, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically and by facsimile, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    */s/ - Dennis D. Conder*
    Dennis D. Conder

PAN/PLDG/594740.1/001466.17028