Details

## Case Information

DC-17-10253 | SHARON SUTTON vs  METLIFE AUTO & HOME
INSURANCE et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-17-10253 | 134th District Court | TILLERY, DALE |
| File Date | Case Type | Case Status |
| 08/18/2017 | INSURANCE | CLOSED |

## Party

PLAINTIFF
SUTTON, SHARON

Address
509 LINDENWOOD DR.
LANCASTER TX 75134

Active Attorneys ▼
Lead Attorney
RAMES, LINDSEY
M.
Retained

Work Phone
214-884-8860

Fax Phone
888-482-8894

DEFENDANT
METLIFE AUTO & HOME INSURANCE

Address
SERVING ITS REGISTERED AGENT, CT
CORPORATION
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

DEFENDANT
METROPOLITAN LLOYDS, INC.

Address
SERVING ITS REGISTERED AGENT, CT
CORPORATION
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▼
Lead Attorney
CONDER, DENNIS
D
Retained

Work Phone
214-748-5000



## Disposition Events

10/16/2017 Judgment ▼

NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER

Judicial Officer
TILLERY, DALE

Judgment Type
NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER

## Events and Hearings

08/18/2017 NEW CASE FILED (OCA) - CIVIL

08/18/2017 ORIGINAL PETITION ▼

ORIGINAL PETITION

08/18/2017 CASE FILING COVER SHEET ▼

COVER SHEET

08/31/2017 REQUEST FOR SERVICE ▼

2017-08-31 ltr to clerk req citations.pdf

08/31/2017 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

09/07/2017 CITATION ▼

Anticipated Server
**ATTORNEY**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**09/21/2017**
Anticipated Server
**ATTORNEY**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**09/21/2017**
Comment
**ATTY KK**

09/21/2017 RETURN OF SERVICE ▼

Lloyds ROS.pdf

Comment
**CIT EXEC 9/20/17 TO METROPOLITAN LLOYDS, INC.**

09/21/2017 RETURN OF SERVICE ▼

CITATION METLIFE

Comment
**CITATION METLIFE AUTO AND HOME INSURANCE**

10/11/2017 AMENDED PETITION ▼

2018_1011_First Amended Petition.pdf

Comment
**1ST**

10/11/2017 NOTICE OF NONSUIT ▼

2017_1011_Notice of Nonsuit.pdf

10/13/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

Defendant's Original Answer.pdf

10/13/2017 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

2017 1013 Order Granting NonSuit.pdf

10/30/2017 DISMISSAL FOR WANT OF PROSECUTION ▼

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

## Financial

SUTTON, SHARON

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $317.00 |
| | Total Payments and Credits | | | $317.00 |
| 8/18/2017 | Transaction Assessment | | | $287.00 |
| 8/18/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 53110-2017-DCLK | SUTTON, SHARON | ($287.00) |
| 9/6/2017 | Transaction Assessment | | | $30.00 |
| 9/6/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 57554-2017-DCLK | SUTTON, SHARON | ($30.00) |

ORIGINAL PETITION

COVER SHEET

2017-08-31 Ltr to clerk req citations.pdf

ISSUE CITATION

ISSUE CITATION

Lloyds ROS.pdf

CITATION MET LIFE

2018.1011_First Amended Petition.pdf

2017.1011_Notice of Nonsuit.pdf

Defendant's Original Answer.pdf

2017.1013_Order Granting NonSuit.pdf

NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER

FILED
DALLAS COUNTY
8/18/2017 12:02 PM
FELICIA PITRE
DISTRICT CLERK

Nikiya Harris

CAUSE NO. DC-17-10253
_____

| | | |
|---|---|---|
| **SHARON SUTTON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **METLIFE AUTO AND HOME, and** | § | |
| **METROPOLITAN LLOYDS, INC.,** | § | |
| **Defendant.** | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff Sharon Sutton ("Plaintiff") and files her Original Petition complaining of Metropolitan Lloyds Insurance Company of Texas, and would show as follows:

### I. Discovery Level & Damages Sought

1.     Plaintiff intends to conduct discovery under a Level II discovery control plan and affirmatively pleads that she seeks monetary relief over $100,000 but not more than $200,000.

### II. Parties & Service

2.     Plaintiff Sharon Sutton is a resident of Dallas County, Texas.

3.     Defendant, MetLife Auto & Home Insurance ("MetLife"), is a Foreign For-Profit Corporation and an insurance company doing business in the State of Texas which may be served with process by and through its registered agent, CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

4.     Defendant, Metropolitan Lloyds, Inc. ("Metropolitan Lloyds"), is a Domestic For-Profit Corporation and an insurance company doing business in the State of Texas which may be served with process by and through its registered agent, CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

### III. Jurisdiction & Venue

5.      The damages sought in this lawsuit are within the jurisdictional limits of this Court.

6.      Venue is proper in Dallas County because the incidents made the basis of these claims took place in Lancaster, Dallas County, Texas.

### IV. Facts

7.      At all times pertinent to this lawsuit, Plaintiff was insured by MetLife, an affiliate of Metropolitan Lloyds, under Policy No. 9900915280 ("MetLife Policy"). The MetLife Policy insured Plaintiff's residence located in Lancaster, Dallas County, Texas, and provided coverage for (a) Dwelling; (b) Private Structures; (c) Personal Property; (d) Personal Liability; (e) Medical Payments; and (f) Loss of Use.

8.      On August 20, 2015, Plaintiff's residence was destroyed by fire. Plaintiff initiated a claim under her MetLife Policy for the damage to her residence. MetLife assigned Claim Number JDF43582 6N to the loss.

9.      Pursuant to the terms of the MetLife Policy, MetLife paid Plaintiff under the following coverages--Dwelling, Personal Property, and Loss of Use. However, MetLife failed to pay an amount to Plaintiff to fully and adequately compensate Plaintiff for the real and personal property damages covered by the MetLife Policy. MetLife further failed to hire adequate service providers to repair Plaintiff's personal property that was damaged in the fire, including, but not limited to, cleaners, movers, and storage facilities.

### V. Agency

10.      All acts by MetLife and/or Metropolitan Lloyds were undertaken and completed by their officers, agents, servants, employees, and/or representative. Such were either done with the full

authorization or ratification of MetLife and/or Metropolitan Lloyds or were completed in their normal and routine course and scope of employment with Defendants.

## VI. Claims Against Defendants

11.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

12.     MetLife and/or Metropolitan Lloyds owed a legal duty to Plaintiff to properly adjust Plaintiff's claim under the MetLife Policy. MetLife and/or Metropolitan Lloyds breached its duty, including but not limited to: (a) failing to update Plaintiff's contact information; (b) failing to properly notify Plaintiff of a potential lapse in coverage; (c) failing to exert due care in adjusting and paying policy proceeds; (d) failing to properly handle and pay Plaintiff's losses; and (e) failing to properly complete all adjusting activities.

## VII. Breach of Contract

13.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

14.     The MetLife Policy was a contract entered into between Plaintiff and MetLife and/or Metropolitan Lloyds. Pursuant to the policy, MetLife and/or Metropolitan Lloyds had the absolute duty to notify Plaintiff of policy changes, investigate Plaintiff's damages, and to pay policy benefits under the claim.

15.     MetLife and/or Metropolitan Lloyds breached its contractual obligations under the MetLife Policy by failing to pay the insurance benefits Plaintiff was entitled to.

16.     Plaintiff was damages as a result of MetLife and/or Metropolitan Lloyds's breach.

## VIII. Violations Of Texas Deceptive Trade Practices Act

17.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

18.     MetLife and/or Metropolitan Lloyds's actions violate the DTPA, including but not limited to, Sections 17.46(b)(12), (14), (20), (24), and Section 17.50(a)(4) of the Texas Business & Commerce Code. MetLife and/or Metropolitan Lloyds collectively engaged in false, misleading, or deceptive acts or practices.

19.     Plaintiff qualifies as a consumer under the DTPA, and relied upon MetLife and/or Metropolitan Lloyds' false, misleading, or deceptive actions. Plaintiff suffered damages as a direct and proximate result of MetLife and/or Metropolitan Lloyds' actions.

20.     MetLife and/or Metropolitan Lloyds' actions were further committed knowingly and intentionally, which entitles Plaintiff to recover mental both anguish and exemplary and punitive damages.

21.     As a result of MetLife and/or Metropolitan Lloyds' misleading and deceptive actions, Plaintiff has been forced to retain the legal services of the undersigned attorney to pursue these claims on his behalf. Plaintiff is entitled to recover his costs and reasonable necessary attorney fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code.

### IX. Duty of Good Faith and Fair Dealing

22.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

23.     MetLife and/or Metropolitan Lloyds breached its common law duty of good faith and fair dealing by improperly denying Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

24. MetLife and/or Metropolitan Lloyds' actions proximately caused Plaintiff's damages.

## X. Violations of the Texas Insurance Code

25. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

26. Plaintiff satisfied all conditions precedent to bringing these causes of action. MetLife and/or Metropolitan Lloyds has engaged in unfair and deceptive acts or practices in violation of Chapter 541 of the Texas Insurance Code.

27. MetLife and/or Metropolitan Lloyds also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. MetLife and/or Metropolitan Lloyds' actions resulted in Plaintiff's damage.

## XI. Misrepresentations

28. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

29. MetLife and/or Metropolitan Lloyds is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. MetLife and/or Metropolitan Lloyds made misrepresentations, upon which Plaintiff relied. MetLife and/or Metropolitan Lloyds intended for Plaintiff to rely on their misrepresentations to his detriment. As a result, Plaintiff suffered damages, including but not limited to loss of property, loss of use of property, mental anguish, and attorney fees.

## XII.  Common Law Fraud

30.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

31.     MetLife and/or Metropolitan Lloyds perpetuated fraud by misrepresentation (either intentionally or negligently) by falsely representing a material fact to Plaintiff, who relied upon such representation resulting in damages. Alternatively, MetLife and/or Metropolitan Lloyds concealed material facts from Plaintiff resulting in damage to Plaintiff.

32.     MetLife and/or Metropolitan Lloyds knew the misrepresentations made to Plaintiff were false at the time they were made. MetLife and/or Metropolitan Lloyds misrepresentations were fraudulent, negligent, or grossly negligent, allowing for the imposition of exemplary damages, attorneys fees, and costs.

## XIII. Waiver and Estoppel

33.     MetLife and/or Metropolitan Lloyds has waived and is estopped form asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants actual damages in such an amount as evidence may show, together with pre-judgment interest, post-judgment interest, costs of suit, attorney fees, and such other further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

 /s/ Lindsey M. Rames
LINDSEY M. RAMES
Texas State Bar No. 24072295
RAMES LAW FIRM, PC
3500 Maple Ave, Suite 420
Dallas, Texas  75219
Telephone:  (214) 884-8860
Facsimile:  (888) 482-8894
lindsey@rameslawfirm.com

**ATTORNEY FOR PLAINTIFF**

FILED
DALLAS COUNTY
10/11/2017 1:24 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-17-10253

| | | |
|---|---|---|
| **SHARON SUTTON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS** | § | |
| **Defendants.** | § | **134th JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff Sharon Sutton ("Plaintiff") and files her First Amended Petition complaining of Metropolitan Lloyds Insurance Company of Texas, and would show as follows:

### I. Discovery Level & Damages Sought

1. Plaintiff intends to conduct discovery under a Level II discovery control plan and affirmatively pleads that she seeks monetary relief over $100,000 but not more than $200,000.

### II. Parties & Service

2. Plaintiff Sharon Sutton is a resident of Dallas County, Texas.

3. Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds") is a Domestic For-Profit Corporation and an insurance company doing business in the State of Texas which may be served with process by and through its registered agent, CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

### III. Jurisdiction & Venue

4. The damages sought in this lawsuit are within the jurisdictional limits of this Court.

5.      Venue is proper in Dallas County because the incidents made the basis of these claims took place in Lancaster, Dallas County, Texas.

### IV. Facts

6.      At all times pertinent to this lawsuit, Plaintiff was insured by MetLife, an affiliate of Metropolitan Lloyds, under Policy No. 9900915280 ("MetLife Policy"). The MetLife Policy insured Plaintiff's residence located in Lancaster, Dallas County, Texas, and provided coverage for (a) Dwelling; (b) Private Structures; (c) Personal Property; (d) Personal Liability; (e) Medical Payments; and (f) Loss of Use.

7.      On August 20, 2015, Plaintiff's residence was destroyed by fire. Plaintiff initiated a claim under her MetLife Policy for the damage to her residence. MetLife assigned Claim Number JDF43582 6N to the loss.

8.      Pursuant to the terms of the MetLife Policy, Metropolitan Lloyds paid Plaintiff under the following coverages--Dwelling, Personal Property, and Loss of Use. However, Metropolitan Lloyds failed to pay an amount to Plaintiff to fully and adequately compensate Plaintiff for the real and personal property damages covered by the MetLife Policy. Metropolitan Lloyds further failed to hire adequate service providers to repair Plaintiff's personal property that was damaged in the fire, including, but not limited to, cleaners, movers, and storage facilities.

### V. Agency

9.      All acts by Metropolitan Lloyds were undertaken and completed by their officers, agents, servants, employees, and/or representative. Such were either done with the full authorization or ratification of Metropolitan Lloyds or were completed in their normal and routine course and scope of employment with Metropolitan Lloyds.

## VI. **Claims Against Defendants**

10.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

11.     Metropolitan Lloyds owed a legal duty to Plaintiff to properly adjust Plaintiff's claim under the MetLife Policy. Metropolitan Lloyds breached their duty, including but not limited to: (a) failing to update Plaintiff's contact information; (b) failing to properly notify Plaintiff of a potential lapse in coverage; (c) failing to exert due care in adjusting and paying policy proceeds; (d) failing to properly handle and pay Plaintiff's losses; and (e) failing to properly complete all adjusting activities.

## VII. **Breach of Contract**

12.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

13.     The MetLife Policy was a contract entered into between Plaintiff and Metropolitan Lloyds. Pursuant to the policy, Metropolitan Lloyds had the absolute duty to notify Plaintiff of policy changes, investigate Plaintiff's damages, and to pay policy benefits under the claim.

14.     Metropolitan Lloyds breached its contractual obligations under the MetLife Policy by failing to pay the insurance benefits Plaintiff was entitled to.

15.     Plaintiff was damaged as a result of Metropolitan Lloyds' breaches.

## VIII. **Violations Of Texas Deceptive Trade Practices Act**

16.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

17.     Metropolitan Lloyds' actions violate the DTPA, including but not limited to, Sections 17.46(b)(12), (14), (20), (24), and Section 17.50(a)(4) of the Texas Business & Commerce Code. MetLife and/or Metropolitan Lloyds collectively engaged in false, misleading, or deceptive acts or practices.

18.     Plaintiff qualifies as a consumer under the DTPA, and relied upon Metropolitan Lloyds' false, misleading, or deceptive actions. Plaintiff suffered damages as a direct and proximate result of Metropolitan Lloyds' actions.

19.     Metropolitan Lloyds' actions were further committed knowingly and intentionally, which entitles Plaintiff to recover mental both anguish and exemplary and punitive damages.

20.     As a result Metropolitan Lloyds' misleading and deceptive actions, Plaintiff has been forced to retain the legal services of the undersigned attorney to pursue these claims on his behalf. Plaintiff is entitled to recover his costs and reasonable necessary attorney fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code.

## IX. Duty of Good Faith and Fair Dealing

21.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

22.     Metropolitan Lloyds breached its common law duty of good faith and fair dealing by improperly denying Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

23.     Metropolitan Lloyds' actions proximately caused Plaintiff's damages.

## X. Violations of the Texas Insurance Code

24.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

25.     Plaintiff satisfied all conditions precedent to bringing these causes of action. Metropolitan Lloyds has engaged in unfair and deceptive acts or practices in violation of Chapter 541 of the Texas Insurance Code.

26.     Metropolitan Lloyds also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' actions resulted in Plaintiff's damage.

## XI. Misrepresentations

27.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

28.     Metropolitan Lloyds is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendants made misrepresentations, upon which Plaintiff relied. Metropolitan Lloyds intended for Plaintiff to rely on their misrepresentations to her detriment. As a result, Plaintiff suffered damages, including but not limited to loss of property, loss of use of property, mental anguish, and attorney fees.

## XII. Common Law Fraud

29.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth full in this section.

30.     Metropolitan Lloyds perpetuated fraud by misrepresentation (either intentionally or negligently) by falsely representing a material fact to Plaintiff, who relied upon such representation resulting in damages. Alternatively, Metropolitan Lloyds concealed material facts from Plaintiff resulting in damage to Plaintiff.

31.    Metropolitan Lloyds knew the misrepresentations made to Plaintiff were false at the time they were made. Metropolitan Lloyds misrepresentations were fraudulent, negligent, or grossly negligent, allowing for the imposition of exemplary damages, attorneys fees, and costs.

### XIII. Waiver and Estoppel

32.    Metropolitan Lloyds have waived and is estopped form asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Metropolitan Lloyds be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants actual damages in such an amount as evidence may show, together with pre-judgment interest, post-judgment interest, costs of suit, attorney fees, and such other further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

 /s/ Lindsey M. Rames
LINDSEY M. RAMES
Texas State Bar No. 24072295
RAMES LAW FIRM, PC
3500 Maple Ave, Suite 420
Dallas, Texas 75219
Telephone:  (214) 884-8860
Facsimile:  (888) 482-8894
lindsey@rameslawfirm.com

**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's First Amended Petition has been served on all parties of record via electronic service this 11th day of October, 2017.

/s/ Lindsey M. Rames
LINDSEY M. RAMES

FILED
DALLAS COUNTY
10/11/2017 1:24 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-17-10253

| | | |
|---|---|---|
| SHARON SUTTON, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| METLIFE AUTO AND HOME, | § | |
| METROPOLITAN LLOYDS, INC., and | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | |
|     Defendants. | § | 134th JUDICIAL DISTRICT |

### PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE

Pursuant to Texas Rule of Civil Procedure 162, Plaintiff SHARON SUTTON files this Notice of Nonsuit Without Prejudice as to all of her claims against Defendants METLIFE AUTO AND HOME and METROPOLITAN LLOYDS, INC. This notice is without prejudice to re-filing, and is effective immediately on the filing of this notice on this date. This motion does not dispose of all parties and claims, and is therefore not final for purposes of appeal.

Respectfully submitted,

  /s/ Lindsey M. Rames
LINDSEY M. RAMES
Texas State Bar No. 24072295
RAMES LAW FIRM, PC
3500 Maple Ave, Suite 420
Dallas, Texas 75219
Telephone: (214) 884-8860
Facsimile: (888) 482-8894
lindsey@rameslawfirm.com
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's Notice of Nonsuit Without Prejudice has been served on all parties of record via electronic service and e-mail this 11th day of October, 2017.

/s/ Lindsey M. Rames
LINDSEY M. RAMES

FILED
DALLAS COUNTY
10/13/2017 2:50 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-10253

| | | |
|---|---|---|
| SHARON SUTTON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | 134th DISTRICT COURT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE
## COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. SPECIAL EXCEPTIONS

Defendant Metropolitan Lloyds Insurance Company of Texas specially excepts to Plaintiff's Original Petition in the following particulars:

a.      To Paragraph 17 of Plaintiff's Original Petition, wherein the Plaintiff alleges Defendant violated the Texas Deceptive Trade Practices Act, in that said allegations do not set forth any facts as to any alleged violations of the Texas Deceptive Trade Practices Act by Defendant, and is insufficient to provide notice to Defendant in order for it to prepare its defense.

b.      To Paragraph 25 and 26 of Plaintiff's Original Petition, wherein the Plaintiff alleges Defendant violated the Texas Insurance Code, in that said allegations do not set forth any facts as to any alleged violations of the Texas Insurance Code by Defendant, and is insufficient to provide notice to Defendant in order for it to prepare its defense.

---

DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 1

c. To Paragraph 28 of Plaintiff's Original Petition, wherein the Plaintiff alleges Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or the alternative, negligent misrepresentation. There are no allegations as to what misrepresentations were allegedly made, and thus the pleading fails to provide Defendant with proper notice in order for it to prepare its defense.

d. To Paragraph 30 of Plaintiff's Original Petition, wherein the Plaintiff alleges Defendant perpetuated fraud by misrepresentation (either intentionally or negligently) by falsely representing a material fact to Plaintiff and/or concealing material facts from Plaintiff. There are no allegations as to what misrepresentations were allegedly made, and thus the pleading fails to provide Defendant with proper notice in order for it to prepare its defense.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, after hearing thereon, Defendant's Special Exceptions be sustained in their entirety and, further, that the Plaintiff's pleading to which Special Exceptions are directed be stricken in its entirety, requiring Plaintiff to amend same.

## II. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## III. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**
1.  **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.   the dwelling owned by **you** on the **residence premises**; and
    B.   structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

                              * * *

**COVERAGE B – PRIVATE STRUCTURES**
At the location of the residence premises:
1.   **we** cover private structures owned by **you** and separated from the dwelling by clear space; or
                              * * *
Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures.

                              * * *

**COVERAGE C - PERSONAL PROPERTY**

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.
                              * * *
If a covered loss occurs at the **residence premises, we** will pay up to the limit of liability for personal property for the location shown in the Declarations where the personal property is damaged, destroyed or stolen.
                              * * *

After a loss and at **your** option, this coverage may be extended to include personal property owned by:
1.      others while on that portion of the **residence premises** occupied by **you**; or
2.      a guest or **residence employee**, while the property is in a residence occupied by **you**.

If a covered loss occurs at the **residence premises**, **we** will pay up to the limit of liability for personal property for the location shown in the Declarations where the personal property is damaged, destroyed or stolen.

\* \* \*

**Special Limitations on Certain Property**
We will not pay more than the following amount for each category in any one loss. These limitations do not increase the amount of insurance under **COVERAGE C – PERSONAL PROPERTY**.

1.      **Money.** $1000 for coins and currency at face value, bullion, bank notes, medals and scrip. It also includes stored value cards for which there exists no traceable connection to **you** or for which no account is established in **your** name.

\* \* \*

2.      **Securities.** $5000 for securities, checks, cashier's checks, traveler's checks, money orders and other negotiable instruments, accounts, bills, deeds, evidence of debt, letters of credit, notes other than bank notes, passports, stamps at face value and tickets.
3.      **Manuscripts.** $5000 for manuscripts, including the cost to research, replace or restore the information from the lost or damaged material.
4.      **Jewelry.** $5000 for loss by theft, misplacing or losing of jewelry, watches, furs and loose precious and semi-precious stones.
5.      **Watercraft.** $1500 for watercraft, of all types, including their trailers, furnishings, equipment and outboard motors.
6.      **Trailers.** $2000 for trailers not used for watercraft.
7.      **Business Property.** $2500 for any property on the **residence premises** used or intended for use in a **business**.

\* \* \*

8.      **Computers.** $5000 for **business computers** and the peripheral device(s), media and purchased software used with them. The media will be covered only up to its retail value, if pre-programmed, or the retail value of the media in blank or unexposed form, if blank or self-programmed.
9.      **Firearms.** $5000 for loss by theft, misplacing or losing of firearms and related equipment.
10.     **Silverware and Goldware.** $10,000 for loss by theft, misplacing or losing of silver or goldware.

\* \* \*

11.     **Coin, Currency and Stamp Collections.** $5000 for numismatic and philatelic property for which the age, history, scarcity and condition contribute substantially

to their value.  Numismatic property includes coins and paper currency.  Philatelic property includes postage stamps, postmarks, post cards and stamped envelopes.

12.  **Memorabilia.** $10,000 for memorabilia, souvenirs, and collector's items such as trading cards, comic books, autographed merchandise and similar articles for which the age, history, scarcity and condition contribute substantially to their value.

\* \* \*

13.  **Tools.** $10,000 for loss by theft of tools.  This limit includes loss by misplacing or losing when Comprehensive Perils is shown in the Declaration.

\* \* \*

14.  **Compact Discs.** $1000 for loss by theft of tapes, wires, discs while in or upon a motorized land vehicle.  This limit includes loss by misplacing or losing when Comprehensive Perils is shown in the Declarations.

### SECTION I – ADDITIONAL COVERAGES

\* \* \*

2.  **Debris Removal.**
    A.  We will pay reasonable expenses you incur to remove:
        1.  debris of covered property resulting from a cause of loss we cover for the damaged property; or

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations.  We will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING**
**COVERAGE B - PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B, and C, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

\* \* \*

### PROPERTY LOSS SETTLEMENT

### SECTION I – HOW WE SETTLE A PROPERTY LOSS

1.  **Coverage A – Dwelling and Coverage B – Private Structures**

Covered property losses are settled as follows.

A.    **Actual Cash Value Settlement.** Subjected to the applicable deductible, we will pay the **actual cash value** at the time of the loss for the damaged property. We will pay no more than the lesser of:

    (i)    the amount required to repair or replace the damaged property with property of like kind and quality; or

    (ii)   the limit of liability applying to the property.

* * *

    2.    If **you** repair or replace the damaged or destroyed property, **you** may make further claim for any additional payments for **Replacement Cost Settlement** provided:

       a.    **you** have not reached the applicable limit of liability;

       b.    **you** still have an insurable interest in the property;

       c.    **you** notify **us** within 180 days after the date of **actual cash value** payment of **your** decision to repair or replace the damaged or destroyed dwelling or private structure;

       d.    **you** notify **us** within 30 days after the repair or replacement has been completed; and

       e.    the date of completion is within one year from the date of **actual cash value** payment.

    The foregoing time limitations shall apply unless **you** or **your** representative submits written proof providing clear and reasonable justification for the failure to comply with such time limitation.

B.    **Replacement Cost Settlement.** If at the time of loss the amount of insurance applicable is determined to be 80% or more of the full current replacement cost, we will pay the full cost of repair or replacement, subject to the applicable deductible, without deduction for depreciation subject to the following:

    1.    we will not be liable unless and until actual repair or replacement is complete; and

    2.    our liability will not exceed the smallest of:

       a.    the limit of liability applicable to the building;

       b.    the cost to repair or replace the damaged part(s) of the building with materials of like kind and quality on the same premises for the same occupancy and use; or

       c.    the amount actually and necessarily spent to repair or replace the damaged part(s) of the building with materials of like kind and quality on the same premises for the same occupancy and use.

    If **you** rebuild **your** building or purchase an existing building at an address other than shown in the Declarations, the replacement will not increase the amount payable under the settlement. The amount

payable does not include the value of any land associated with the replacement building(s).

If at the time of loss the amount of insurance applicable is determined to be less than 80% of the full current replacement cost and neither **Extended Limits** or **Coverage A Plus** applies, we will pay the **actual cash value** or the amount determined from the **Coinsurance Provision**, whichever is highest. **Our** payment is subject to the applicable deductible. **We** will pay no more than the limit of liability applicable to the building.

\* \* \*

2. **Coverage C – Personal Property**
   Covered property losses are settled as follows:

   A. **Actual Cash Value Settlement**
      1. This settlement applies to the following types of personal property:
         a. antiques, fine arts, paintings, statuary and similar articles which, by their inherent nature, cannot be replaced with new articles;
         b. articles for which the age, history, scarcity or condition contribute substantially to their value. This includes, but is not limited to, memorabilia, souvenirs, and collectors' items such as trading cards, comic books, and autographed merchandise;
         c. property which is obsolete or unusable because of its age or condition prior to the loss, or not being used for the purpose for which it was originally intended;
         d. articles separately described and specifically insured in any other policy;
         e. watercraft, including their trailers, furnishings, equipment and outboard motors;
         f. motorized land vehicles principally designed for recreational use; and
         g. when classified under **COVERAGE C – PERSONAL PROPERTY:**
            1) aerials, antennas, awnings;
            2) outdoor equipment and swimming pools; or
            3) structures other than building structures.

      2. Subject to the applicable deductible, **we** will pay the **actual cash value** at the time of the loss for the damaged property. **We** will pay no more than the lesser of:
         a. the amount required to repair or replace the damaged property with property of like kind and quality; or

        b.      the limit of liability applying to the property.

B.     **Replacement Cost of Contents**

If **you** repair or replace the damaged or destroyed property, **we** will pay the full cost of repair or replacement, less the applicable deductible, without deduction for depreciation.

1.     This settlement applies to:

     a.     carpeting, including wall-to-wall carpeting under **COVERAGE A – DWELLING** or **COVERAGE B – PRIVATE STRUCTURES**;

     b.     household appliances including built-in appliances under **COVERAGE A – DWELLING** or **COVERAGE B – PRIVATE STRUCTURES**;

     c.     personal property covered under **COVERAGE C – PERSONAL PROPERTY** other than the types listed under the **Actual Cash Value Settlement**; and

     d.     articles or classes or property separately described and specifically insured in this policy.

2.     **Our** liability for any loss shall not exceed the smallest of the following amounts for any one loss:

     a.     the cost to replace the property with a similar property of like kind and quality;

     b.     the full cost of repair to restore the property to its original condition;

     c.     the limit of liability for Coverage C shown in the Declarations subject to the **Special Limitations on Certain Property** under **SECTION I – COVERAGES, COVERAGE C – PERSONAL PROPERTY**; or

     d.     the limit of liability that applies to any item separately described and specifically insured under this policy.

3.     If **you** decide not to repair, restore or replace the damaged or stolen property, settlement will be on an **actual cash value** basis. **You** may make further claim within 180 days after the date of **actual cash value** payment for any additional payment on a replacement cost basis if **you** repair, restore or replace the damaged or stolen property.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

\* \* \*

1.   **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

H.   **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

2.   **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:   (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:
  A.   conduct, act, failure to act, or decision of any person, group, organization or governmental body;
  B.   defective, inadequate, faulty or unsound:
    1.   planning, zoning, development, surveying, siting;
    2.   design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    3.   materials used in repair, construction, renovation or remodeling; or
    4.   maintenance;
    of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and
  C.   weather conditions.

    However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.   **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

    A.   wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this

policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to Plaintiff. Specifically, the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.  **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.  Promptly notify **us** or **our** representative.
        ...
    B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.  Cooperate with us in the investigation of a claim.
    D.  Prepare an inventory of damaged or stolen personal property showing, in detail, the quality, age, description, **actual cash value** and amount of loss claimed for each item. Attach to the inventory all bills and other documents that substantiate the figures in the inventory.
    E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and
        3.  allow **us** to examine and copy or abstract pertinent records and documents **we** request.
        ...

## IV.  JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of _October_, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

Dennis D. Conder

PAN/PLDG/594463.1/001466.17028

FILED

CAUSE NO. DC-17-10253

| | | |
|---|---|---|
| SHARON SUTTON,<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | DALLAS COUNTY, TEXAS |
| METLIFE AUTO AND HOME,<br>METROPOLITAN LLOYDS, INC., and<br>METROPOLITAN LLOYDS INSURANCE<br>COMPANY OF TEXAS<br>    Defendants. | §<br>§<br>§<br>§<br>§ | <br><br><br>134th JUDICIAL DISTRICT |

## ORDER OF NONSUIT AS TO DEFENDANTS
## METLIFE AUTO AND HOME
## METROPOLITAN LLOYDS, INC.

On the _____ day of _____, 2017 the Court considered

Plaintiff Sharon Sutton's Notice of Nonsuit Without Prejudice and after reviewing the evidence

finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Sharon Sutton's Motion for Non-Suit is GRANTED

and the above-styled and numbered cause is dismissed as to Defendants METLIFE AUTO AND

HOME and METROPOLITAN LLOYDS, INC., without prejudice to Sharon Sutton, and that all

costs of court incurred be taxed against Sharon Sutton.

DATED this _16_ day of _October_, 2017.

_____
Hon. Dale Tillery